IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

COLBURN L. KINZER, JR.,

      :       Case No. 3:07-cv-111

    Plaintiff,

  -vs-

      :       Magistrate Judge Michael R. Merz

CITY OF WEST CARROLLTON, et al.,

    Defendants.

      :

**DECISION AND ORDER**

This case is before the Court on Plaintiff's Motion to Dismiss without prejudice under frcp 41(a)(2) (Doc. No. 19) which Defendants oppose (Doc. No. 20).

Plaintiff filed this action in the Common Pleas Court on March 1, 2007, relating to an arrest which occurred March 1, 2006. The case was removed to this Court and a Scheduling Order entered September 28, 2007, setting with the agreement of the parties, a discovery cut-off date of May 16, 2008, and a summary judgment motion deadline of June 20, 2008 (Scheduling Order, Doc. No. 8). Defendants filed their summary judgment motion the day before the deadline and Plaintiff responded the next day with the instant motion.

Plaintiff seeks the dismissal so as to take advantage of the Ohio savings statute, which would permit refiling within one year. He asserts additional time is necessary because he has been unable to locate an eyewitness, one Randy Roberts.

Motions to dismiss under Fed. R. Civ. P. 41(a)(2) are committed to the sound discretion of the trial court, deciding whether the defendant would suffer "plain legal prejudice" if the motion were granted after considering "[1] the defendant's efforts and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3]

insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994).

In considering these factors, the Court notes that Defendants have taken the depositions of two of the three lay witnesses disclosed by Plaintiff, Messrs. Kinzer and Goonan, and filed them in support of their Motion for Summary Judgment (See Doc. Nos. 17, 18). They have not taken the deposition of the third witness, Mr. Roberts, but neither did Plaintiff disclose a location at which Mr. Roberts could be found in his Witness List (Doc. No. 10). Furthermore, Plaintiff's Disclosure of Lay Witnesses does not disclose the substance of Mr. Roberts' expected testimony as is required by General Order No. 1. Defendants have obtained the services of an expert to testify at trial. In contrast, the Plaintiff has disclosed only treating physicians as expert witnesses and has provided reports from only two of them; neither of those reports complies with Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's Motion likewise does not disclose what discovery if any Plaintiff has taken in the case or what efforts Plaintiff has made to locate the missing witness.

In sum, Defendants had a motion for summary judgment pending when the Motion to Dismiss was filed and Defendants appear to have exercised considerably more diligence in preparing for trial than has the Plaintiff. Accordingly, the Motion to Dismiss is denied.

June 25, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge